Thank you, Your Honor. May it please the Court, my name is Randy Rumph, and she goes by Dr. Connie now. She's actually had that name changed, but before that, that's what everyone referred to her as. Okay. We are here on an appeal of an award of fees against my client for the defendant. The lower court judge set forth the Christenberg standard, which is a Supreme Court case that indicates you need to find frivolousness or unreasonableness or groundless basis for a plaintiff before you may award fees to the defendant. And unfortunately, the lower court judge did not indicate the fact that my client had survived not one but two summary judgment motions before trial. He didn't address that in his order. He did not address the fact that my client won a jury verdict on both of her claims, and he didn't address the fact that she survived a Rule 50 motion after that jury verdict. But, however, it is true, isn't it, that when counsel gave the fee as to what they wanted, they wanted $546,000? I think it was $510,000, but it was over $500,000, yes. Yeah. And when they presented that, the district judge did cut it to $50,000, right? Right. Well, we don't ---- one could argue or one could suggest that he had in full mind that you had won some and not others. Unfortunately, Your Honor, he didn't say that. And that leaves a void in the decision, because we ---- it's our position that my client should not have had to pay $1 because of the fact she had won those prior motions, and we wish he would have addressed it. So your argument isn't that the award was inappropriate. It's just that he didn't clarify in his order? It's both. I believe it was inappropriate, but at least at a minimum he needs to clarify that order. Are you agreeing? It seems like you concede you owe taxable costs. My client does, yes. She concedes that. So she owes $37,745.95, but you just don't know how many of the fees she owes. Is that it? He awarded a non-taxable cost of approximately $19,000. I don't have the exact figure. And fees ---- as fees, which he may do, and we concede that. And he additionally added $50,000 in fees. So it comes out to about $70,000 in fees that she was ---- that were imposed on her. And our position is that's incorrect because she had survived so many rulings on judgments as a matter of law and actually had won the jury trial. So under Christenberg and under the Ninth Circuit authority, which we cited, including Jensen, the Jensen case, this Court reversed a grant of defendant's fees where a plaintiff had survived a prejudgment motion for summary judgment. And so our position is if you can do that, and this Court has held, if you can do that, survive a motion for judgment of a matter of law, we survived three and won a jury verdict, then it's inappropriate. Well, it's really discretionary, isn't it? With the Court? I mean, there's no law that says that it's just because you survived something or the other that you automatically get the fee. That's what this Court has held in Miller, Jensen, and in Look. Well, I looked at Miller and Jensen, and I guess I'm still of the opinion, I guess if you want to cite me where I'm wrong, I'm still of the opinion that it's really in the district court's good discretion if I knew what the discretion was. Well, in Brooks, the Court said if a plaintiff succeeded in making out a case strong enough to withstand a motion for directive verdict, the case was not frivolous. And we did that. So you're just talking about the frivolous matter. Right. Not that there ought not be fees given to your client. I'm sorry. I missed that, Your Honor. So you're really challenging that it is, whether it's frivolous or not, rather than it ought to be given, the fees could be awarded to your client. Is that it? That's the issue. Was this frivolous? He cited the Christianburg case and then cited the appellate panel's decision and said it was frivolous, but he failed to address the issues of two summary judgment motions that were defeated, a jury verdict in her favor, a Rule 50 motion in her favor, which indicated that's not frivolous. So under Christianburg, then it should not have been awarded, according to the Supreme Court standard, for a defense. So that's our position. Now, he did the defendants have also made an argument that there was a bad faith on the part of my client, and the Court kind of touched on that without really calling it bad faith. But he said that since she won witness in a 9-day jury trial, indicated my client had stated she wanted to emasculate the defendant, then that showed she was in bad faith. And unfortunately, the cases we cited in our brief acknowledged that parties are going to have animosity. I've been in this game for 28 years, and I've represented plaintiffs and defendants, and I don't know if there's ever been a case where parties haven't had some animosity. And so you have to show something more than just animosity for to find bad faith. My client had been harassed for 8 months, and she was upset. So she was venting. But besides her venting, there was not. Kennedy. Somebody on this record, though, might think that your client was venting a little more than losers always vent. Well, but. I'm not suggesting that they don't vent. But there might be some basis for the Court to think she may have crossed the line. Do you think so? No. On this record? No. Our position is that may give her a motive to do something improper, but you've got to – in the bad faith standard, you've got a really high burden. And she didn't present any false evidence. She didn't lie under oath. She didn't – the case that they cite, which is Lipzig, they doctored evidence and they did a number of other things. So you – it may give her a – it may prove a mens rea, but it's not an act that in furtherance thereof, there's nothing to show that she somehow corrupted the judicial system. We aren't going to. We aren't going to decide it. All we have to do – what we have to do is see if the Court had a basis for doing what it did, a reasonable basis for doing what it did. I'm leaving the rest of my time to Mr. Rank. Oh, okay. If it pleases the Court, my name is James Ream. I represent Randy Rumpf, who was hit with a $108,000 sanction at the conclusion or near the conclusion of this case before the appeal. The Christianberg case requires specific findings in order to hold a plaintiff liable for defense fees. However, it articulates no standard to sanction counsel. One of the things that the judge said in his order was that in order for the plaintiff, who the district court believed was vindictive, to further her vindictive agenda, she had to find a counsel of like mind. Well, the two came together in 2001. That's 12 years ago. The judge made this comment when he entered his order after the trial. There's been no example given of how he's like minded with his plaintiff, who the Court claims was vindictive. Well, you suggest in your brief that if this is remanded to the district court, that it should be reassigned. Can you point out some example of personal bias on the part of the Court that would have the same judge consider this? Yes, Your Honor. During the trial, a juror specifically said that his wife had filed a prior age discrimination case. That was day two of the trial. The judge was then asked to have that juror stricken, but he declined to rule on it. Five minutes into the actual jury deliberation, which was some eight, nine days later, the judge said, I'm still thinking about that juror issue. But the juror is in there, and the argument later became that one juror tainted the rest of the jury pool. That was the reason why he granted a new trial and set aside the jury's verdict. That's extremely anomalous in my experience. But does that make the judge biased? It only raises the appearance. Well, your brief seems to suggest bad motive on his part for doing that. I mean, it's very clearly that in your brief. Why do you have to back that up? Well, the specter of impropriety was raised. I don't know the judge's mind, and I came to the case within the last year. So I can only tell you that that is extremely anomalous. And also the fact that, as Mr. Rump pointed out, there were all these favorable rules. Do you often take jury trials to juries? I've held maybe six, Your Honor. I wonder. I am. Because it isn't the first time, being an old trial judge for 20 years, isn't the first time we've had a problem with a juror after we've gotten through voir dire, and you have to make some decision whether you're going to start the whole process over or whether you're not. And you're not really sure what the situation is. Now, you don't have any decision to make at that point. But I guess I'm trying to figure out, given that that's something you generally deal with on a regular basis, why that's so terrible that I ought to say, well, Judge, I don't even think you can rule on this. The Deneau case held that in a similar situation where a juror said, I might have a bias. And this was after the jury verdict came back. In the Deneau case, it was decided that there had to be an actual showing that that juror could have been stricken for cause. So it's a fairly high standard to overturn a jury verdict, even if you have actual evidence of possible bias. But my argument is for Mr. Rump. He argues for his client. And the issue of the judge bias is something, yes, I raised it in my brief, but Mr. Rump's future and that of his family is on the line here. This is an extremely serious situation for him, and it's going to leave a crater in the judicial landscape if this starts happening more often and civil rights attorneys can be held liable for the value of a three-bedroom house where I come from in Las Vegas, $108,000 sanction, Your Honors. There was no notice to Mr. Rump that this was possible. No warning to stop the offending behavior. No right to counsel given to him. It's a clear due process violation. Thank you. Thank you. May it please the Court. My name is Jeff Pittagoff. I represent the University Medical Center and Dr. Anthony in this matter. We've been here before when we had the case affirmed on summary judgment after the trial. But right now, obviously, the issue is the fees and the sanctions. The question that we have today is kind of interesting because, as counsel has already admitted, there were costs, taxable costs, non-taxable costs, and then the attorney's fees. So now what we're left with is a situation where if you look at the briefs, they've only really challenged the attorney's fee section of the $50,000, not so much the taxable or non-taxable costs. And even though they want to say that non-taxable costs are fees, they really didn't raise anything to distinguish those non-taxable costs as being improper. For example, they didn't say you can't get X amount of dollars because you spent it on this expert or whatever it is. So the reality is we've got $57,694.58 worth of fees that are undisputed and the remainder of the $50,000 that are in dispute. And from what I can tell, at least with respect to the questions that you've been asking, the issue comes down to whether or not you believe the judge had a sufficient basis for entering the award of fees. No. It's not whether we believe it. It's whether the record substantiates it. Normally, you have a breakdown, don't you? I think we do have a breakdown in this case. Normally, the judge says what he's doing and why. That's what I mean by a breakdown. And I think in this case he actually did. He did it in two different orders. He did it in the first order, which was the, obviously, the order in response to the motion for fees. And then he did it in the prior order, which is in the motion to a motion denying the motion to have the court removed from that particular case. Did the court ever make a finding the suit was frivolous? I don't believe the court ever made that finding. But I don't think the court needs to make that finding, because if you look at the Christian Burke standards, it doesn't just support that you have to have a frivolous case in order to give these sanctions. It has to be unreasonable, groundless. Well, frivolous, unreasonable, or without foundation is the standard. I'd look very carefully to try to find where the district court really made a finding of any of those and couldn't find it. Well, I think if you look at, first of all, this judge, you have to give some deference to, I believe. We do, and we would if he told us, as my good colleague said, what he was doing. Well, we're trying to find what he was doing. I think what the judge did, and I think you have to use these two orders in combination because he cites one and the other, if you look at that, what the judge has done is he's come up with specific examples. He didn't come down and run through 2,000 pages of trial testimony and say, this particular instance, this particular instance, this particular instance, and gave a list of all of these items. He gave examples, and from his experience, he noted quite a few. For example, the biggest one, I think, is the innuendo in this case. This case was not tried based upon evidence, and it's clearly not tried based upon evidence because there was no evidence to support the claims. There was no evidence. The judge saw it, and this Court saw it on appeal. So what the judge saw was all of the innuendo. For example, he had a witness that was African-American who said that Dr. Anthony had a nickname for, and it was Wheezy. And Mr. Rumph would ask the question in trial, is that based upon the Jeffersons? And the reality was there was no evidence that it was based upon the Jeffersons. The reality was that that nickname was specifically because that witness had a case of And the innuendo, which is exactly what the Court was focusing on, was that if you bring up somebody who is African-American, you use the name Wheezy, well, now we've got a case for discrimination and harassment. That's really what the judge was saying. And it wasn't just in that instance. There are more instances. There's instances of half-truths, of the desk incident, which is referenced in the brief. There's incidents of witnesses who testify completely contrary to the evidence. It would be really good if the judge had even gone through, as you have, to suggest what the judge was thinking. Well, I think if the Court had... I mean, if I found it, that's where I'm really going. Tell me where I go to find it. I mean, I looked very hard because I was an old DJ, and I don't like to be reversed. And so, therefore, I definitely look at the DJ and what they do and see if I can't help them out. If you look at this record, I think there's a couple different things. One is for, well, let me back up even further. If the Court finds that the order is not detailed enough, that there needs to be So that the judge could then come up with those things that he's identified in general in the order, because that's what he did. He didn't find... He mentioned a few specifics as examples. He didn't go through and detail every single one. But I don't think the judge or the case law supports that you have to do just that with every single item that you find. One of the reasons the case law doesn't do it is because almost all judges set it out, especially when they are going to say $100,000, you're in those numbers. If it's some small number, they might not set forth why. Can you recall any record that's as vague as this one as to why? As vague as this one? I don't think that this record is that vague. I think the focus is on a couple examples, and it's taken in the sense of this judge having sat for the trial for 8 days. This is not for 2 weeks. In regard to Mr. Rumpf, does he ever refer to it as sanctions? He doesn't refer to this as sanctions. He refers to it as an award of fees, which I think is sanctions in this case. But the understanding by this judge... And an award of fees equates to determining that it's sanctions? I think that's a fair statement, and that's what it was in this case, that it was sanctions under the sense that if you award fees under this standard, you're essentially sanctioning the plaintiff. And it doesn't dissuade other plaintiffs from bringing a case like this. When you try a case with the type of tactics that counsel did, we laid that out pretty succinctly in our brief. Well, assuming this case is remanded to the district court, should it be that judge or a different judge that makes the determination? Well, if we're going to go back to the record, I don't think it matters which judge it is, in all honesty, because the record is what it is. And the judge can clearly go... Are you suggesting we ought to send it to another judge? I am not. I'm suggesting that this judge who has already sat through everything has probably a better sense of what has occurred and can find it more easily than having another judge sift through 2,000 pages of transcript. However, I don't think in the scheme of things that it makes much of a difference because the record is what it is. I think, you know, I look at this case and I see, having filed all the motions after the trial, gone through everything, that this judge gave a fair shake to the plaintiff and to counsel. They gave less than 10 percent of the attorney's fees at a rate that was literally two times less than what normally the rate would have been given. The judge made factual determinations as examples, but clearly knew that the record supported his position. And then I would ask this Court that if it is inclined that it needs further specific examples, that it remand for the judge to make those. Well, I'm not sure that the further specific examples is really what we're asking you about. We're asking you about what law, under what law does he go, and given what he's got to find under that law, why he found it. That's what we're looking for. Well, the law is the Christianberg standard. That's what it is. But you don't need bad faith in order to have that determination made. You just need the conduct at trial to support it as well. So if you look at all the factors, that's what I think the judge was looking at. He's looking at misrepresentations by the attorney. He's looking at the attorney. The problem is, you see, you have to think what he was looking at because he didn't tell us. Well, unfortunately, I didn't get a chance to draft this order, Your Honor, but the reality is the reality is that I think the judge should have the opportunity because of what he found to be inappropriate, that same opportunity to go back and fix this record so that specific examples are more, let's just say, are in the record for this Court to review if it ever became an appeal issue. Thank you. Thank you. I think we've, I know we gave the appellant more than his 10 minutes the first time, so I think it would be unfair, frankly, when I didn't let counsel have more than his 10. So I think we'll submit this case. We thank you for your arguments. This is case 11-15938, and it is now submitted after argument.
judges: Burgess, Farris, Smith